IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>5.88 ACRES OF LAND, OWNED BY )<br>WENDELL WRAY FLORA AND MARY )<br>MCNEIL FLORA, )<br>)<br>   Defendant. ) | Civil Action No. 7:19-cv-00225<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**AMENDED MEMORANDUM OPINION AND ORDER**[1]

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline. MVP commenced a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire a permanent easement and temporary easements on numerous properties, including this property located in Franklin County and owned by the Floras (Landowners). On March 7, 2018, the court entered an order in the primary condemnation case, *Mountain Valley Pipeline LLC v. Easements to Construct*, Case No. 7:17-cv-492 (W.D. Va.) (Dkt. No. 635), granting MVP immediate possession of the easement on this property. The trial of this matter is scheduled to begin on June 21, 2022.

Before the court are: (1) MVP's motion in limine (Dkt. No. 63); (2) MVP's plan for a jury view (Dkt. No. 64); and (3) the Landowners' motion to submit the larger parcel issue to the jury (Dkt. No. 65). The court heard argument on these motions at the final pretrial conference on June 10, 2022. For the following reasons, the court will grant MVP's second motion in limine in part and deny it in part, take under advisement MVP's plan for a jury view, and deny Landowners' motion to submit the larger parcel issue to the jury.

---

[1] This amended opinion and order is being issued to reflect that the property is in Franklin County, not Roanoke County. It is identical to the original opinion in all other respects.

I. BACKGROUND

MVP has condemned easements over a 55.91-acre tract owned by the Floras, identified in the main pipeline case complaint as MVP Parcel No. VA-FR-017.21 (the Condemned Tract). The easements generally run along the northern and southwestern boundaries of the land. (Appraisal Report of Wesley Woods (Woods Report) 27–28 of 147, Dkt. No. 17-2.) The Condemned Tract is used for farming and is improved by a farmhouse and outbuildings. (*Id.* at 47.)

The Floras also own a separate, one-acre tract of land (the Residence Tract) that is improved by a single-family residence, is fenced around the perimeter, and has deeded access to the highway. (Appraisal Report of Jared L. Schweitzer (Schweitzer Report) 38 of 180, Dkt. No. 17-1.) The Condemned Tract surrounds and engulfs the Residence Tract. (Woods Report 27.) The Condemned Tract is used for farming, and the Residence Tract is used for a single-family residence. (Woods Report 48, 62.) The Residence Tract and the Condemned Tract used to be in the same tract, but, according to the deeds, the Residence Tract has been a separate tract since 1978. (*See* Dkt. No. 23-2 (December 11, 1978 Deed).) According to Landowners' appraiser, the parcels were "separated in 1988 to benefit from the County's land use program which minimizes property tax on farmed land." (p. 7 of 34, Dkt. 17-3.) According to Landowners' brief, the Flora family split the house from the farm in 1988 for estate planning and land use reasons. The well for the house is on the farm parcel. MVP is not taking an easement on the Residence Tract.

Defendants' appraiser, Dennis Gruelle, contends that the highest and best use of the Condemned Tract and the Residence Tract is for residential development. According to Gruelle, the highest and best use involves changing lines to sell lots of five to fifteen acres, including a lot with the farmhouse and a lot with the residence. (Appraisal Report of Dennis Gruelle (Gruelle Report) 17 of 34, Dkt. No. 17-3.) Defendants' plan for residential development involves creating

new lot lines, developing private well and septic for each proposed lot, and a driveway for access. (Report of Sean Horne 2–3 of 6, Dkt. No. 17-4.)

MVP's appraisers, Schweitzer and Woods, find that the highest and best use for the Condemned Tract is residential development, but they opine that single-family residence is the highest and best use for the Residence Tract. (Schweitzer Report 38–40; Woods Report 62–66.)

Previously, the court issued an order addressing several motions filed by the parties. (Dkt. No. 54.) The court denied MVP's motion for partial summary judgment on the issue of whether there is unity of use between the larger and smaller parcel and also denied the Landowners' motion pertaining to the highest and best use of the property. (*Id.*) The court further denied MVP's motion to exclude expert testimony by Gruelle and Horne; granted in part and denied in part MVP's omnibus motion in limine as follows—denied as to part one (evidence of subdivision plans), granted as to part two (fear of pipelines and claims that buyers will not purchase), granted as to part three (evidence of danger and other accidents), granted as to part four (evidence of alleged impact and possible damages from construction), granted without objection as to part five (evidence of other appraisals) as to appraisals by persons other than Samuel Long and denied without prejudice as to appraisals by Mr. Long, and granted without objection as to parts six (examination of Thompson concerning vacated order), seven (evidence of settlement offers and communications), and eight (evidence of amounts paid for easements on other properties); granted in part and denied in part Landowners' omnibus motion in limine as follows—granted as to a jury view (subject to conditions on the trial dates), granted as to the right to open and close, and granted without objection as to the fact of pipeline markers on the property, and denied without prejudice as to the text on the pipeline markers; and granted without objection landowners' motion to exclude evidence of an alleged assault. (*Id.*)

II.  DISCUSSION

A.  **MVP's Motion in Limine**[2]

    1. **Evidence and argument involving the pipeline marker**

MVP argues that the court should limit publication of any photographs of the pipeline marker to prevent misuse and prejudice to MVP.  If photographs of the marker are allowed at all, they should be shown to the jury only once.  Before the first trial in the Frank Terry case, the court ruled that landowners could show the jury a photograph of a pipeline marker, which states in bold "WARNING GAS PIPELINE" and "BEFORE EXCAVATING OR IN AN EMERGENCY CALL TOLL FREE."  *MVP v. 8.37 Acres (Frank Terry)*, Civil Action No. 7:20-cv-134, 2022 WL 686319, at *2 (W.D. Va. Mar. 8, 2022).  Before the second Frank Terry trial, the court granted MVP's motion "based on the court's prior rulings that exclude evidence of fear and stigma, claims that buyers would not purchase the property because of the pipeline, and claims that the pipeline is dangerous or unsafe."  *Id.*  The court further stated that while landowners "may still refer to the language of the pipeline marker, they may not do so in connection with the excluded evidence."  *Id.*

MVP's motion in this case will be granted in part and denied in part for the same reasons stated in prior cases, including the Frank Terry case.  Landowners may show photographs of the pipeline marker with the language on the marker, but they may not do so in connection with excluded evidence.  The court, however, will not limit the Landowners to only showing a pipeline marker photograph once.  If appropriate, it may be shown more than once.  As with every exhibit, the exhibit should not continue to remain before the jury following its use.

---

[2] Landowners did not file a response to MVP's motion in limine.  At the hearing, the only good cause alleged by Landowners was that counsel believed that trial deadlines no longer applied after the trial had been continued.  An email dated March 30, 2020, from chambers detailing that deadlines still apply and counsel's response thereto shows the belief to be disingenuous.  MVP's motion was filed on May 26, 2022, and a response was due within seven days.  (*See* Dkt. No. 50.)

2. **Personal statements about the parties or counsel**

MVP argues that the court should prevent defendants from presenting personal information about themselves or counsel. The court agrees to the extent any comments are irrelevant, are designed to elicit sympathy, are disparaging of the opposing party or counsel, or are otherwise inappropriate. *See, e.g.*, *United States v. An Easement and Right-of-Way Over 4.42 Acres*, No. 4:16-cv-314, 2018 WL 8131100, at *17 (N.D. Ga. Sept. 11, 2018) (excluding evidence of landowner's health, age, and physical condition that could inappropriately elicit sympathy); *8.37 Acres (Frank Terry)*, 2022 WL 686319, at *3 (excluding personal attacks on MVP). The court, however, will not prohibit the mention of family members when making analogies in closing argument, for example, but cautions counsel regarding excessive or irrelevant references. Thus, this portion of the motion will be granted in part and denied in part.

3. **Evidence and argument of value to me**

MVP argues that the court should exclude any evidence or statements by Landowners or counsel bearing on "value to me." The court has excluded such evidence in previous cases and will do so again for the reasons previously stated. *See 8.37 Acres (Frank Terry)*, 2022 WL 686319, at *3 (excluding statements that defendants have worked their whole lives to maintain the property and have avoided the need to sell it); *MVP v. 8.37 Acres (Frank Terry)*, Civil Action No. 7:20-cv-134, 2020 WL 5526504, at *1 (W.D. Va. Aug. 26, 2020) (stating that an owner's qualification to testify does not change market value concept and allow him to substitute a "value to me" standard). A landowner is permitted to testify to his or her knowledge of the land and attributes of the property.

4. **Evidence and argument of unwilling sale**

MVP argues that the court should prevent Landowners and counsel from making statements

that they do not desire to sell easements to MVP. Such statements could include comments that Landowners are being forced to sell, cannot afford to compromise, and will have to "live with this forever." The court agrees that such comments are not related to the market value concept. They will be excluded. "In determining the fair market value of the property taken, you may not consider . . . whether the defendant owner . . . wanted to sell it." 3A Kevin F. O'Malley, *Federal Jury Practice and Instruction*, § 154:54 (6th ed. 2022); *United States v. Miller*, 317 U.S. 369, 375 (1943) (stating that evidence the owner did not want to sell "must be disregarded . . . in arriving at 'fair' market value"); *United States v. Easements and Rights-Of-Way Over a Total of 15.66 Acres*, 315 F. Supp. 3d 1353, 1372 (N.D. Ga. 2018) (stating testimony by owner about sales price he personally would insist upon is not relevant to market value).

### 5. Statements or displays to jurors during jury view

MVP asks the court to instruct Landowners and counsel not to make any verbal or nonverbal statements to the jury during the jury view and not to display signs or make gestures to the jury. The court will instruct all parties and counsel not to speak to the jury during the jury view. Of course, it would be impossible for the court to limit all nonverbal conduct during the view. Looking in one direction and not another could be construed as a nonverbal gesture. The court, however, will not permit antics designed to call attention to particulars during the view, such as pointing repeatedly at a sign or waving a sign in front of the jurors. Also, the court will not permit the showing of a map during the view unless the parties agree upon the map. Thus, this portion of the motion will be granted in part and denied in part.

### B. MVP's Plan for a Jury View

MVP has submitted a plan for a proposed jury view. (Dkt. No. 64.) Landowners already moved for a jury view, and the court granted that motion subject to the conditions during the trial

dates regarding logistics (including, but not limited to, access to the property, weather, and transportation), security (including, but not limited to, the health and safety of the jurors, parties, counsel, and court personnel), and time constraints. The court takes MVP's plan under advisement pending a pre-view of the property and any agreements reached by the parties.

**C. Landowners' Motion in Limine**

In this motion, Landowners ask the court to submit the issue of the larger parcel to the jury. The court has already addressed and ruled on this issue in denying MVP's motion for summary judgment. The court reached the exact opposite conclusion.

> Here, it is undisputed that there is unity of ownership and contiguity. The question is whether the tracts have the same or integrated highest and best use, and the experts disagree. *As this court has noted, this is an issue for the court to decide. MVP v. 1.81 Acres of Land (Jones II)*, Civil Action No. 7:19-cv-00151, 2019 WL 4007924, at *1 (W.D. Va. Aug. 23, 2019) (citing Fed. R. Civ. P. 71.1(h)(1) and collecting cases).
>
> . . .
>
> It is undisputed that the current use of the Residence Tract is for single-family residence; this is presumed to be the highest and best use of the tract. To overcome this presumption, defendants must show that there is a 'reasonable probability that the separate tracts would have been combined for such integrated use.' *United States v. Mattox*, 375 F.2d 461, 463 (4th Cir. 1967).
>
> Defendants offered evidence, through their experts, that the Residence Tract could be subdivided along with the Condemned Tract at some point in the future. They assert that builders and developers would naturally want to control the entire parcel for increased flexibility and utility. Their appraiser analyzed whether the use is (1) physically possible, (2) legally permissible, (3) financially feasible, and (4) maximally productive.
>
> MVP has failed to meet its burden to show that there is no genuine issue of material fact in dispute regarding the larger parcel and highest and best use. A review of the record in a light most favorable to defendants shows that the appraisals clearly demonstrate a genuine dispute of fact. For these reasons, the court concludes that MVP's motion for partial summary judgment is denied. *At trial, the court will hear from the*

>   *experts, make a determination regarding the issue, and instruct the jury accordingly*.

*MVP v. 5.88 Acres (Flora)*, Civil Action No. 7:19-cv-00225, 2021 WL 1235377, at *5–6 (W.D. Va. Mar. 31, 2021) (internal citations omitted) (emphasis added).

Although not styled as such, Landowners' motion is essentially a motion to reconsider, as they previously argued that the larger parcel issue should be submitted to the jury, and the court rejected that argument. Landowners offer no grounds to justify reconsideration of the court's previous order. *See Rivers v. Bowman*, No. 6:18-cv-61, 2021 WL 4143752, at *1 (W.D. Va. Sept. 9, 2021) (grounds for reconsideration of an interlocutory order under Rule 54(b) of the Federal Rules of Civil Procedure are (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice). Pursuant to Rule 71.1(h), the court decides "all issues" except just compensation. This means, again, that unity of use and what constitutes the larger parcel are preliminary matters for the court to decide. *1.81 Acres (Jones)*, 2019 WL 4007924, at *1. Landowners' reliance on state court cases where Rule 71.1(h) does not apply does nothing to advance their argument. Moreover, the Fourth Circuit recently issued an opinion which confirms that the court was correct in its application of Rule 71.1(h). *See United States v. 8.929 Acres of Land in Arlington Cnty.*, No. 21-1351, 2022 WL 1754341, at *20 (4th Cir. June 1, 2022) (recognizing that "the district court may resolve genuine disputes of material fact pursuant to its authority under Rule 71.1").

For these reasons, the court will deny Landowners' motion. As noted at the pre-trial conference, the court will hold an evidentiary hearing prior to trial to hear evidence and render a decision on the disputed larger parcel issue.

III.  CONCLUSION

For the reasons stated herein, MVP's motion in limine (Dkt. No. 63) is GRANTED IN PART and DENIED IN PART, such that the following evidence is excluded at trial: (1) photographs of the pipeline marker with the language on the marker in connection with excluded evidence; (2) personal statements about the parties or counsel to the extent any comments are irrelevant, are designed to elicit sympathy, are disparaging of the opposing party or counsel, or are otherwise inappropriate; (3) evidence and argument of value to me; (4) evidence and argument of unwilling sale; and (5) speaking to the jury during the jury view, showing the jurors a map during the jury view, and behavior designed to call attention to particulars during the view, such as pointing repeatedly at a sign or waving a sign in front of the jurors; MVP's plan for a jury view (Dkt. No. 64) is TAKEN UNDER ADVISEMENT; and the Landowners' motion in limine to submit the larger parcel decision to the jury (Dkt. No. 65) is DENIED.

The clerk is directed to provide a copy of this memorandum opinion and order to counsel of record.

Entered: June 16, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

9